**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MICHAEL WISNIEWSKI, | ) Case No.  3:14-CV-01674-JST |
| Plaintiff, | ) (PROPOSED) **ORDER RE FINAL ISSUE ON DISCOVERY** |
| v. | ) |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; WIND RIVER SYSTEMS, INC. WELFARE BENEFIT PLAN, | ) |
| Defendants. | ) |

**FOR GOOD CAUSE, IT IS HEREBY ORDERED** that additional discovery in this ERISA action shall proceed based on Plaintiff Michael Wisniewski and Defendant Hartford Life and Accident Insurance Company's agreement reached in their meet and confer sessions. Specifically, the parties have indicated that they have agreed to the following:

That Plaintiff Wisniewski can issue a narrowly limited subpoena to Reliable Review Services and that this discovery is being allowed under an abuse of discretion standard and that the request only pertains to Wisniewski's claim.  The subpoena will be limited to the followings documents:

1. The order from Hartford to RRS for a co-morbid evaluation by specialists in pain management and rheumatology.

2. RRS' letters to Drs. Payne and Clark confirming that they have been selected to review the case for Wisniewski, stating when the case report is due back to RRS, explaining how many minutes they are each allowed to review the case, stating that they are to review the case from their specialty perspective only, and that there will be also a review by another specialist.

3. The templates RRS provides to each reviewing doctor: identifying attending providers to be contacted; asking for a complete clinical history evaluation; asking for a summary of the reviewing doctor's discussion with the attending provider; providing the definition of disability; stating the current disabling conditions as provided by Hartford; asking a series of questions; and concluding "Please provide an assessment and explain your rationale, and then having four attestation including I have used evidence based criterion in support by final decision" and "Total minutes reviewed."

4. The completed information on the templates by each doctor.

5. The bill or bills sent by RRS for the co-morbid report of Drs. Clark and Payne.

6. The parties agreed that defense counsel can review the subpoena before it is issued and served.

DATED: October 10, 2014



IT IS SO ORDERED

Judge Jon S. Tigar